**David Jacquot**
**2041 Bandy Road**
**Priest River, ID  83856**
**(208) 415-0777**
**FAX: (208) 263-6274**
Cell 208-691-2480



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case #   08CR1171-W |
| **Plaintiff** ) | |
| ) | |
| VS. ) | **Motion For Continuance** |
| ) | |
| ) | |
| **DAVID C. JACQUOT** ) | |
| ) | **Hearing Set for 9 June 2008** |
| **Defendant** ) | |

---

1.  COMES NOW, **DAVID JACQUOT,** the Defendant, and respectfully requests that the
hearing on motions in the case set for **9 June 2008** be continued for 120 to 180 days, or
other appropriate period of time that the Court shall determine.

2.  Case Procedural History.

    a.  Defendant lives in Northern Idaho and has lived there since May of 2004.

    b.  Defendant retained attorney Jim Frush of Seattle in 2004 to represent Defendant
    in a related proceeding in the Federal District Court for the Southern District of
    California (Case No. 04CV2184-LAB).  Mr. Frush continued to represent the

Defendant until shortly after the indictment in this case, when he informed Defendant that he could no longer represent Defendant in this matter.

c.  Defendant was indicted on 15 April 2008.

d.  Defendant retained local counsel in San Diego (Michael Littman) to make a special appearance for the purpose of arraignment while Defendant sought a permanent replacement for Mr. Frush.

e.  Defendant traveled to San Diego from Idaho and was arraigned before Magistrate Adler on 23 April 2008 and was released on bond and returned to Idaho.

f.  Defendant returned to San Diego for a scheduling hearing before Judge Whelan on 5 May 2008, however the Court was closed due to bombing.

g.  Defendant appeared before Judge Whelan on 7 May 2008 and the Motion hearing at issue was set for 9 June 2008.  Defendant informed Judge Whelan that he was still in the process of attempting to retain private counsel.

h.  Defendant identified qualified replacement counsel and has been and is still currently attempting to obtain sufficient financial resources to retain such counsel.

i.  Being unable to retain private Counsel in a timely enough manner to file Motions for the hearing on 9 June 2008, Defendant sought the assistance of the Federal Public Defenders Office in San Diego on 15 May 2008.

j.  Attorney Candiss Mitchell of the Federal Public Defenders Office scheduled a hearing before Magistrate Adler for 20 May 2008 and late on the afternoon of 16 May 2008, informed Defendant that due to a conflict of interest, the Federal Public Defenders office could not represent Defendant.

**Motion for Continuance**         #08CR1171-W

k.  Defendant traveled to Sand Diego on 20 May 2008 and appeared before Magistrate Adler and requested appointment of counsel until permanent counsel can be retained.

l.  Magistrate Adler provisionally appointed Thomas Sims and set a hearing on 22 May 2008 to review Defendant's financial affidavit.

3.  The reason for the requested continuance is as follows:

1.  Defendant has received no Discovery in this case.  The Government has not provided discovery that is required to be provided without request.  The Government has provided no discovery as required under the U.S. v Brady line of cases.

2.  Defendant provided the Government a written request for Discovery on 21 May 2008. (Copy Attached as Exhibit A).

3.  Defendant anticipates that there will be a large number of relevant documents in the case.

4.  Based on the Federal Public Defender's conflict of interest in the case, the Defendant anticipates that there are unknown informants or unindicted co-defendants in the case that should be disclosed via the Discovery request.

5.  The Government is entitled to a reasonable period of time to comply with (or object to) the Defendant's Discovery request.

6.  After receipt of Discovery, Defendant needs adequate time to review the information provided and request follow up information (if applicable).

Defendant may also need time to file a Motion to Compel Discovery if the requested information is not disclosed.

7. The information sought in the Discovery request is need for the Defendant to determine whether any substantive Motions need to be filed.  Defendant cannot effectively file substantive Motions until after the Discovery is obtained and witnesses are interviewed.

8. The time associated with traveling from the Defendants home in Idaho to San Diego to review Discovery documents (if and when provided) and to interview potential witnesses will increase the time needed to prepare any needed substantive Motions.

9. Defendant is still attempting obtain the financial resources necessary to retain private counsel to assist in the preparation of substantive Motions and prepare for trial.

### Prayer for Relief:

The Defendant respectfully requests that the hearing for substantive Motions be continued for 120 to 180 days, or other appropriate period of time that the Court shall determine.

Respectfully submitted,

David Jacquot, Defendant              Date:  21 May 2008

**<u>Exhibit A</u>**

**<u>Defense Request for Discovery #1</u>**

**David Jacquot**
2041 Bandy Road
Priest River, ID 83856
(208) 415-0777
FAX: (208) 263-6274

U.S. Attorney's Office
San Diego County Office
ATTN: AUSA Faith Devine
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
**Sent Via Fax: (619) 557-5551**

**RE: Case Number 08CR1171-W**

Dear Ms. Devine:

Pursuant to Federal Criminal Rule 16 and the line of cases beginning with <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) please provide all Discovery in the above captioned case to me or contact me to make arrangements for me to inspect, copy and photograph all such items.

Sincerely,

David Jacquot