**David Jacquot**
2041 Bandy Road
Priest River, ID 83856
(208) 415-0777
FAX: (208) 263-6274



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff ) | |
| ) | Case #   08CR1171-W |
| VS. ) | |
| ) | Defendant's Protective Discovery |
| ) | & Suppression Motion |
| DAVID C. JACQUOT ) | |
| ) | |
| Defendant ) | Hearing Set for 9 June 2008 |

COMES NOW Defendant **David Jacquot** and in the event that <u>Defendant's Motion to Continue set for 9 June 2008</u> is not granted, to protect Defendant's rights, Defendant makes this Protective Discovery and Suppression Motion.

The Government has not provided Discovery required to be provided without request. Although no request is required, the Defendant requested such Discovery on 21 May 2008 in a letter. The Defendant moves that all evidence related to Discovery required to be provided without request be suppressed and ruled inadmissible at trial. In the alternative, Defendant requests that the Court compel the Government to provide all discoverable information under any applicable Federal Rule, Federal Procedure, Federal Constitutional provision and current case within the knowledge, possession, or control of

the U.S. Government, any employee/ agent/ informant thereof, and all others who have participated in the investigation of this case, including but not limited to the items described below.

**The below itemized requests are examples of items sought and should not be construed to limit the scope of Discovery under any applicable Federal Rule, Federal Procedure, Federal Constitutional provision or current case law.**

The following definitions apply to this document:

- "Statement." Statement shall mean all forms of verbal and non-verbal communication, to included but not limited to unrecorded oral communications and actions and all forms of recorded communications, to include but not limited to audio recordings, pictures, video, digital recordings, and drawings. The term Statement can also includes Documents (defined below).

- "Document." Document shall mean all forms of temporary or permanently recorded information on both tangible and intangible mediums. Document shall include all forms of written information, to include but not limited to, handwritten, typed and printed documents (hereinafter "Written"). Document shall also include all forms of electronic stored information (ESI), to include but not limited to, computer records, email, voicemail, metadata, text messages, and deleted data and data fragments. If information is in more than one format (for example hand written and typed) then the term Document means each and every format and each and every format should be produced. In the event that information is in both Written and ESI form, then Document means both Written and ESI, and both should be produced.

- "<u>Electronic surveillance</u>." Electronic surveillance shall mean all forms of listening, recording, and viewing of any Statement, Document, action or inaction through either covert or non-covert means and includes but is not limited to wiretaps, recorded phone conversations, cellular phone eavesdropping, electronic mail intercepts, and all other forms of monitoring of communications.

**Defendant requests that Government disclose to the Defendant and either provide copies to the Defendant or allow the Defendant to inspect, copy or photograph the below described items. If no such items exist, a statement to that effect should be provided.**

1. All Statements of all persons containing information about the investigation and charges of the Defendant in the possession of the government and all Documents and other tangible objects in the possession of the government:

   - which were obtained from or belonged to David Jacquot,

   - which were obtained from or belonged to David Jacquot, JD, LLM (Tax), PA (hereinafter "DJPA"),

   - obtained from third parties by subpoena, compulsory process, or seized in this matter,

   - that could be considered material to the preparation of Defendant's defense, <u>**or**</u>

   - intended for use by the Government at any evidentiary hearing or the trial of this case.

This should include, but is not limited to:

1. Bank statements and cancelled checks of DJPA for 2000, 2001, 2002, 2003, 2004
2. Tax Returns of DJPA for years 200, 2001, 2002, 2003, 2004
3. All Form 1099 issued to DJPA for years 200, 2001, 2002, 2003, 2004
4. All payments by all xelan related companies to DJPA during 2000, 2001, 2002, 2003, 2004, including:
   - Check Ledgers
   - Financial Statements
   - Tax Returns
   - General Ledgers
5. All Form 1099 issued to Cove Trading by all xelan related companies for 2000, 2001, 2002
6. Bank statements and cancelled checks of the Attorney Trust Account of David Jacquot, JD, LLM (Tax), PA for 2001, 2002, 2003, 2004

2. All material within the purview of Brady v. Maryland, 373, U.S. 83 (1963) and Giglio v. United States, 405, U.S. 150 (1972). Specifically, any material or information which tends to negate the guilt of the Defendant as to the offense(s) charged and any material or information within the government's possession or control which would tend to reduce the Defendant's punishment for such offense(s).

3. All Statements of Defendant, whether before or after indictment made to employees or agents of the Government (including informants), which are relevant to investigation of the Defendant. This includes all Statements of the Defendant, whether or not the Defendant had knowledge that such persons were (a)

employees/agents of the Government or (b) government informants at the time said statements were allegedly made. This includes all notes and Documents made that contain or refer to the Statements of the Defendant. This shall include but is not limited to Statements to:

- John Weeks
- Robert Schreck

4. A written disclosure of the existence or non-existence of any evidence obtained as the result of Electronic Surveillance and if so, copies of all surveillance reports related to the investigation of the Defendant. This disclosure should describe the full extent of any Electronic Surveillance, eavesdropping, or tape recording in which Defendant had any interest and of any conversations where the Defendant was a participant in or was a recipient witness thereof. This request includes any affidavits and applications related thereto as well as copies of the recordings, transcriptions, summaries and logs thereof.

5. A written disclosure as to whether there have been any tape recordings of any Statements, admissions, confessions, or conversations involving Defendant along with a copy of said tape recordings and a copy of any transcriptions thereof.

6. A written disclosure as to the existence or non-existence of anticipated testimony by government informer(s), and if so, the identity of any informants who allegedly have information about the investigation of the Defendant, including: (a) The name of the informant; (b) The address of the informant; (c) The present whereabouts of the informant, and (d) any Statements and Documents related to such informants testimony.

7. Disclose the full and complete extent of any dealings with, or promises of any inducements, made by employees/agents of the Government to any person

including prospective Government witnesses or defendants in any other case, for information related to the investigation of and charges against the Defendant.

8. The name(s), address(es), phone number(s) of all government employees and agents and informants involved in the investigation of the Defendant, to include, but not limited to employees and agents of:

   - Internal Revenue Service
   - Postal Inspector
   - The Department of Homeland Security
   - Immigration and Naturalization
   - Customs Enforcement

9. Documents that were collected, authored, created, or obtained by government employees/agents and informants identified in item #8 above.

10. The name(s), address(es), phone number(s) and all Statements of all persons the Government anticipates or intends to call as witnesses at any evidentiary hearing or at the time of trial. In particular, Defendant requests any notes taken and Documents created by employees/agents of the Government related to any interview conducted of said witnesses, informants, indicted or unindicted co-conspirators, or cooperating defendants.

11. The name(s), address(es), phone number(s) and all Statements of all persons that government employees or agents have interviewed in connection with the investigation of the Defendant that Government does **not** intend to call at any evidentiary hearing or at the time of trial.

12. The conviction records (if any) of all such witnesses the Government intends to call at any evidentiary hearing or at the time of trial. If no convictions exist, a statement that verifies the same.

13. The Grand Jury testimony of all participating witnesses and percipient witnesses to the crimes herein charged against Defendant.

14. Copies of any and all search warrants (including <u>affidavits</u> in support thereof and <u>inventories</u> listing articles seized when executing said warrant) used by the Government to obtain any information or evidence in the investigation of the Defendant.

15. All inventory(ies) listing all items seized without warrant and the location of the seizure of all items seized in the Government's investigation of the Defendant. This shall include but is not limited to: Items seized from 401 West A Street, #2210, San Diego California.

16. The full extent of any mail cover, as defined in 39 C. F. R. Section 233.2 and Part 233.2 of the Postal Service Manual, in which the Defendant is the recipient/addressee or sender that is related to any Document pertaining to the charges in this case. This request includes any applications related thereto.

17. The prior criminal record of felonies and misdemeanors of Defendant, and a statement as to whether or not the Government intends to use the same.

18. The results of physical or mental examinations of employees/agents of the Government and/or informants, witnesses, indicted or unindicted co-conspirators, or cooperating defendants.

19. The results of all scientific tests or experiments on any Document, or tangible object made in connection with the investigation of the Defendant.

20. The name, business address, phone number and a written resume' of the qualifications of any expert witness which the United States Attorney intends to call in the case in chief together with a statement of the substance of such expert's expected testimony.

21. All Statements and Documents that were obtained in violation of the attorney-client privilege during the investigation of the Defendant and all Statements and Documents that were obtained in violation of any other privilege recognized by law.

22. All Statements and Documents that were obtained in violation of any law or constitutional right during the investigation of the Defendant.

23. Provide a brief description of all Statements and Documents that are relevant to any of the requests described above that are not being produced due to a claim of privilege or protection under any law or theory. Provide a description of the law or privilege applicable to each non-disclosed item.

Defendant requests the above described information so that Defendant might have an opportunity to investigate such Documents and Statements before trial in order to test the validity at trial of witness Statements, and Documents purported to be evidence.

Further Defendant requests the above described evidence in an effort to discover and disclose existing evidence contrary to Government allegations.

<u>The above requested items should in no way be considered a waiver of the information required to be furnished to Defendant without request</u>.

This request is intended to impose <u>continuing obligation</u> on the U.S. Government to provide discovery as it becomes known to the U.S. Attorney, the U.S. Government, an agent of the U.S. Government, or any other person involved in the investigation/case. Therefore, it is requested that the U.S. Government provide the foregoing if and when it becomes known to the U.S. Government, any agent of the U.S. Government, or any other person involved in the investigation/case.

### Prayer for Relief:

The Defendant requests that:

- All evidence related to Discovery required to be provided without request be suppressed and ruled inadmissible at trial;

- The Court compel the Government to provide all discoverable information under any applicable Federal Rule, Federal Procedure, Federal Constitutional provision and current case within the knowledge, possession, or control of the U.S. Government, any employee/ agent/ informant thereof, and all others who have participated in the investigation of this case, including but not limited to the items described herein; and/or

- The Court grant all other relief deemed appropriate by the Court.

Respectfully Submitted,

David Jacquot, Defendant        Dated: 21 May 2008