1  KAREN P. HEWITT
   United States Attorney
2  FAITH A. DEVINE
   California State Bar No. 146744
3  Assistant United States Attorney
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7173

6  Attorneys for Plaintiff
   United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. 08CR1171-W |
|---|---|
| Plaintiff, | ) GOVERNMENT'S RESPONSE TO<br>) DEFENDANT'S MOTION TO CONTINUE |
| v. | ) DATE: June 9, 2008 |
| DAVID C. JACQUOT, | ) TIME: 2:00 p.m. |
| Defendant. | ) |

The United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Faith A. Devine, Assistant United States Attorney, hereby files its response to Defendant David C. Jacquot's Motion to Continue.

The Government does not object to a continuance of the Motion Hearing/Trial Setting date. The Government provided discovery to Defendant on May 22, 2008. The Government expects to provide additional discovery requested by Jacquot and to also make voluminous bank records available for inspection. The Government agrees that Jacquot needs addtional time to review this discovery before he can file further substantive motions.

The Government respectfully requests that the court conduct an inquiry pursuant to Farreta v. California, 422 U.S. 806, 821 (1975) to determine whether Jacquot has knowingly and voluntarily waived his right to counsel and to clarify his stated intention to retain counsel. As part of the inquiry, the Government requests that Jacquot be advised of the dangers of self-representation and the

consequences of his failure to retain counsel in a timely manner. See e.g., United States v. Fazzini, 871 F.2d 635, 643 (7th Cir. 1989)("once the defendant has knowingly and intelligently waived his right to counsel, only a substantial change in circumstances will require the district court to inquire whether the defendant wishes to revoke his earlier waiver"); United States v. Tolliver, 937 F.2d 1183, 1187 (7th Cir. 1991)("it is well within the discretion of the court to deny as untimely requests for counsel made after meaningful trial proceedings have begun").

DATED: June 2, 2008

                Respectfully submitted,
                KAREN P. HEWITT
                United States Attorney

                /S/

                FAITH A. DEVINE
                Assistant U.S. Attorney