David Jacquot
2041 Bandy Road
Priest River, ID 83856
(208) 415-0777
FAX: (208) 263-6274

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA ) | |
|---|---|
| ) | Case #   08CR1171-W |
| Plaintiff          ) | |
| ) | |
| VS.                             ) | Defense Reply to Government |
| ) | Response to Motion For |
| ) | Continuance |
| DAVID C. JACQUOT        ) | |
| ) | |
| Defendant    ) | Hearing Set for 9 June 2008 |

1. COMES NOW, **DAVID JACQUOT**, the Defendant, and responds to the Government's Response to Defendant's Motion to Continue filed on **2 June 2008** and set for hearing **9 June 2008.**

2. <u>Motion Procedural History</u>. The Motion Procedural History is as follows:

   a. On 22 May 2008, Defendant filed a Motion to Continue.

    b. On 2 June 2008 the Government filed a Response to the Motion to Continue in which the Government states that it "does not object to a continuance of the Motion Hearing/Trial Setting date."

3. <u>Untimely New Motion by the Government.</u> Additionally, in the Government's Response to the Motion to Continue, the Government includes a request that the Court conduct an inquiry into Defendant's self-representation. The Defendant contends that such a request is improper for the following reasons:

    a. The requested inquiry has already occurred. On 22 May 2008, Magistrate Adler, after a thorough inquiry on the record, found that Defendant was capable of self-representation and had knowingly and intelligently waived the right to counsel. Government counsel Faith Devine was present during this hearing and raised no concerns at that time. Nothing has occurred in the last 10 days to indicate a change in circumstances that would require Magistrate Adler's inquiry to be repeated.

    b. The request by the Government is unrelated to the issue raised in the Motion to Continue, should not be part of a Response to a Motion to Continue, and should have been filed separately by the Government. Defendant contends that slipping an unrelated motion into a Response should not be sanctioned as it a method to avoid compliance with Court rules.

    c. The request is untimely. If the Government wanted to raise this issue, the Government should have filed its motion at least 14 days prior to the scheduled hearing pursuant to the local rules. The Government did not meet this requirement and did not seek a continuance to file this or any motions.

Notwithstanding the foregoing objections to the Government's request, the Defendant has no problem answering <u>the Court's questions</u> regarding self-representation or intention to retain counsel. However, the Defendant objects to answering <u>the Government's questions</u> regarding the same. If the Court desires financial information or information about discussions that the Defendant has had with potential counsel for the case, Defendant respectfully requests that such inquiry be conducted *in camera* and sealed until the end of the case. The Defendant contends that allowing the Government access to such information would be an improper form of discovery and may violate the attorney client privilege, especially since the request for such inquiry is being made by the Government.

Respectfully submitted,

*[signature]*

David Jacquot, Defendant          Date: 3 June 2008