1  **DAVID JACQUOT**
   2041 Bandy Road
2  Priest River, ID 83856
   (208) 415-0777
3  FAX: (208) 263-6274

4

5

6                      **UNITED STATES DISTRICT COURT**

7                    **SOUTHERN DISTRICT OF CALIFORNIA**

8

9  UNITED STATES OF AMERICA,          )    Case No. **08CR1171-W**
                                      )
10            Plaintiff,              )    **MOTION TO DISMISS,**
                                      )    **SUPPRESS EVIDENCE,**
11  v.                                )    **AND COMPEL DISCOVERY**
                                      )
12  DAVID C. JACQUOT,                 )    Judge: Hon. Thomas J. Whelan
                                      )    Courtroom: 7
13            Defendant.              )    Date: Sept 8, 2008
                                      )    Time: 2:00 pm
14                                    )
                                      )
15  ─────────────────────────────    )

16                          <u>Relief Sought</u>

17

18  The Defendant, DAVID C. JACQUOT, moves this Court to:

19

20  1.    Dismiss the indictment with prejudice pursuant to Rule 12(b) of the Federal Rules of Criminal
    Procedure.

21

22  2.    Suppress the following evidence:

23      A.    Any and all bank records of David Jacquot, JD, LLM (Tax), PA, including, but not
24      limited to, bank statements, canceled checks, and deposit records.

25      B.    Any and all bank records of David Jacquot, including, but not limited to, bank
        statements, canceled checks, and deposit records.
26
        C.    Other evidence, as more fully set forth in the accompanying Memorandum of Points
27      and Authorities.

28      D.    All such other evidence that the Court deems appropriate.

─────────────────────────────────────────────────────────────────────────────

PAGE 1                    MOTION TO DISMISS INDICTMENT                    08CR1171-W

3.    Issue an order compelling the government to produce the **all** exculpatory and impeachment material which includes:

A.    The name and address of every person that the government has interviewed in connection with this case, that possesses information relevant to the issue of the defendant's guilt or innocence, and whom the government does not intend to call as a witness at trial.

B.    Any written statements, transcripts, recordings, summaries, or notes of oral statements given by any person described in Request No. 3A, above.

C.    Documents or tangible evidence bearing on the guilt or innocence of the defendant, on the credibility of any witness, or on the reliability of any document or tangible evidence.

D.    The name, address, and telephone number of any person who has received or benefitted from any payment or grant or promise of immunity or other favorable consideration, direct or indirect, from the government in connection with the investigation or prosecution of this case.

E.    Copies of or permission for the defense to inspect and copy any document in the possession of the government that authorizes, approves, implements, or evidences a payment, promise, or grant described in Request No. 3D, above.

F.    Other evidence, as more fully set forth in the accompanying Memorandum of Points and Authorities.

G.    All such other evidence that the Court deems appropriate.

4.    Issue an order compelling the government to produce the items demanded in its proper and duly served discovery request as more fully described in the accompanying Memorandum of Points and Authorities and production of the transcripts of the Grand Jury proceedings.  In the alternative, issue an order prohibiting the United States from introducing at the trial of this action any material not disclosed pursuant to the discovery demand.

5.    All such other relief that the Court deems appropriate in this matter to possibly include, but not limited to:

A.    An evidentiary hearing to fully explore the bad faith conduct, search and seizure violations, use of tainted evidence, grand jury violations, Rule 16 and <u>Brady</u> violations of the government.

B.    A continuance of the trial in this action sufficient to permit the defendant to complete the desired inspection and copying and to adjust its trial preparation accordingly.

C.      Declare the case complex for the purpose of purposes of 18 U.S.C. Section 3161 due to the volume of documents, potential compatibility issues with the computer storage and software programs and the complexity of the case.

D.      Sanctions against the government, including awarding of costs.

E.      The right to file a Supplemental Motion to Dismiss and a Supplemental Motion to Suppress, if necessary, after any compelled Discovery has been provided.

## Grounds for Relief

The grounds for this motion, as more fully set forth in the accompanying Statement of Facts and Memorandum of Points and Authorities, are:

1.      The prosecution is selective and vindictive and the actions of AUSA Faith Devine constitute prosecutorial misconduct. The Defendant was targeted for prosecution solely because he was the attorney who coordinated and led the effort to defend the xelan family of companies ("xelan") and its clients from a federal investigation that began around eight years ago. In 2004, the government suffered a humiliating defeat in its investigation of xelan and related parties, including the Defendant, after it brought an action in this Court, designated Case No. 04CV2184-W. Not only did the Court deny the government's application for a Preliminary Injunction, but it awarded substantial attorneys' fees against the governement. Throughout the investigation into xelan, the government decried the legitimate strategy and tactics the Defendant employed to defend xelan and its clients. This case does not result from a legitimate exercise of prosecutorial discretion, but from a bad-faith desire to punish the one person the government most blames for its humiliating defeat in the xelan case and to chill and deter zealous representation by making an example of the Defendant.

2.      The government obtained the bank records of the Defendant and the Defendant's professional corporation in violation of the Fourth Amendment of the United States Constitution. The government's evidence, including the Defendant's bank records, is derived from statements made by an unreliable informant that were obtained in violation of the attorney-client privilege and/or from an illegal search. The defendant is informed and reasonably believes that the United States relied on statements made by an unreliable informant to agents of the Internal Revenue Service – Criminal Investigation Division ("CID") about the Defendant to obtain the bank records of the Defendant and the Defendant's professional corporation. The Defendant is informed and reasonably believes that the CID agents were aware that the informant was unreliable. The CID agents were further aware that the statements made

1  by the informant were in violation of the attorney-client privilege. These privileged statements were

2  also the starting point for a false and erroneous affidavit presented to this Court to obtain a Temporary

3  Restraining Order and appointment of a Temporary Receiver. The Defendant reasonably believes and

   alleges that similar false and erroneous statements were the basis for a search warrant that seized

4  financial records related to the Defendant.

5

6  3.      The government has refused, in bad-faith, to provide discovery to the Defendant. The

   Defendant has demanded all discovery he is entitled to under Rule 16 of the Federal Rules of Criminal

7  Procedure and Brady in writing three times. The government has provided limited discovery to the

8  Defendant, but has refused to disclose documents related to the xelan investigation that are relevant to

9  this case and discoverable under either Rule 16 or Brady. The government's refusal is in bad-faith

   because the Assistant United States Attorney is aware of both the existence and contents of these

10 documents and has falsely represented that the government has no duty to provide such information

11 pursuant to local practice and federal law.

12

13 4.      The government has refused, in bad-faith, to provide exculpatory evidence to the defendant

   under the doctrine established in the leading case of Brady v. Maryland, 373 U.S. 83, 87, 83. S. Ct.

14 1194, 10 L. Ed. 2d 215 (1963).

15

16 5.      The government has violated Grand Jury procedures by introducing evidence for the improper

17 and bad faith purpose of discrediting and destroying the character of the Defendant.

18                                        **Record on Motion**

19

20 The facts on which this motion is based are contained in the Statement of Facts and Declaration of

   David Jacquot, attached to and incorporated by reference in this motion. This motion is based on all the

21 papers and records on file in this matter, on this motion, the Statement of Facts, the Declaration of

22 David Jacquot, the Memorandum of Points and Authorities submitted with this motion, and on whatever

23 additional evidence and argument is presented at the any hearing on this Motion.

24

25

26 Dated: 25 August 2008

27                                        _____
                                          David C. Jacquot
28

---