**David Jacquot**
**2041 Bandy Road**
**Priest River, ID  83856**
**(208) 415-0777**
**FAX: (208) 263-6274**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case #   08CR1171-W |
| | ) | |
| **Plaintiff** | ) | **STATEMENT OF FACTS:** |
| | ) | **EXHIBITS** |
| **VS.** | ) | |
| | ) | Judge: Hon. Thomas J. Whelan |
| | ) | Courtroom: 7 |
| **DAVID C. JACQUOT** | ) | Date: Sept 8, 2008 |
| | ) | Time: 2:00 pm |
| **Defendant** | ) | |

Now comes the Defendant and provides the following Exhibits in support of the Pre-trial motions in this case:

1. Search Inventory Transmittal
2. Postal Inspector Letter
3. Discovery Received on 22 May 2008
4. Discovery Provided on 9 June 2008
5. August 4th 2008 Letter re: Discovery

Respectfully Submitted this _25th_ day of _August  2008_

David Jacquot

# Exhibit 1

# Search Inventory Transmittal



**U.S. Department of Justice**



*Carol C. Lam*
*United States Attorney*
*Southern District of California*

*Faith A. Devine*                              *(619) 557-5022*
*Assistant United States Attorney*            *Fax (619) 557-7055*

*San Diego County Office*                                    *Imperial County Office*
*Federal Office Building*                                    *321 South Waterman Avenue*
*880 Front Street, Room 6293*                                *Room 204*
*San Diego, California 92101-8893*                           *El Centro, California 92243-2215*

January 14, 2005

Michael L. Lipman, Esq.
Coughlan, Semmer & Lipman
501 West Broadway, Ste. 400
San Diego, CA 92101

Donald G. Rez
Sullivan, Hill, Lewin, Rez & Engel
550 West C Street, Ste. 1500
San Diego, CA 92101

In re: Search of Premises Located at 401 West A Street 22nd Floor, Suite 2210, San Diego, CA

Dear Counsel:

Enclosed is an updated inventory of the items seized from the premises located at 401 West A Street, 22nd Floor, Ste. 2210, San Diego, CA on November 4, 2004. This updated inventory includes Box #18 which was inadvertently omitted from the prior list that was provided to you. Box # 18 is described on page 18.

If you have any questions regarding the inventory, please contact IRS-CI Special Agent John Weeks at 619-615-9075.

Very truly yours,

CAROL C. LAM
United States Attorney

FAITH A. DEVINE
Assistant U. S. Attorney

Enc.

# Exhibit 2

# Postal Inspector Letter



UNITED STATES POSTAL INSPECTION SERVICE

LOS ANGELES DIVISION

January 26, 2006

# REDACTED

Dear Dr.

The U.S. Postal Inspection Service is currently conducting a criminal investigation which involves Xelan and its affiliated companies. Our investigation reflects that you were a participant in a Xelan program.

We have enclosed a detailed questionnaire along with a self-addressed envelope. Please answer the questions presented as thoroughly as possible. Your answers will greatly enhance our criminal investigative efforts in this case. Once we have received the questionnaire back from you, investigators will review your responses and follow up with a more thorough in-person interview as warranted.

Investigating mail fraud is a priority for the U. S. Postal Inspection Service and you can be assured that every attempt will be made to identify and prosecute the perpetrators of this crime. This notification should not be considered a reflection on the integrity or honesty of any individual or business or anyone associated with these individuals or businesses. In addition, this inquiry should not be a reflection on the value or marketability of your investment.

The Victim Witness Assistance Program of the U. S. Postal Inspection Service will soon be sending you information concerning your rights as a victim during the investigative stages of the federal criminal justice process. Additionally, information will be provided to assist you to resolve any questions or problems you may have as a result of the crime, and also provide information on available resources including counseling and consumer protection agencies.

Thank you for your cooperation in this matter. If you have any questions related to this matter, please contact us. If you are represented by an attorney, please have your attorney contact us.

Sincerely,

T. D. France
Postal Inspector
PO Box 122110
San Diego, CA 92112

EXHIBIT 2
11

## QUESTIONNAIRE

Please print or type. Feel free to use additional paper for detailed explanations.

1.    Full Name (first, middle and last name):

2.    Date of Birth:

3.    Home Address and Home Telephone:

4.    Mailing Address (if different from above):

5.    Corporation Name used for the Xelan investment:

6.    How did you first learn of Xelan?

7.    Who was your financial counselor for your Xelan investment?

8.    Which Xelan financial plans did you participate in?

   *Please answer the following questions only if you were a participant in the plan outlined in the question.*

### A) XELAN WELFARE BENEFIT TRUST ("419 Trust")
(Questions 9-21)

9.    Were you told by representatives of Xelan that your premium payments to this plan were fully tax deductible?

10.    Who told you this?

11.    Were you told that you were the owner and beneficiary of the purchased life insurance policy?

EXHIBIT 2
12

12.  Were you aware that the Trust was the owner and beneficiary of the policy?

13.  Would you have participated in the plan if you were aware that the Trust was the owner and beneficiary of the policy?

14.  Were you told that Donald Guess served as the Master insurance agent for the policy and was receiving a substantial commission based on the premiums paid on the life insurance policy?

15.  Had you known that Donald Guess was the Master insurance agent and was receiving this commission, would you have participated in the plan?

16.  Were you told that Donald Guess served as the Master insurance agent and as Trustee of the Trust?

17.  Had you known that it is a violation of federal criminal law for a Trustee of an employee welfare benefit plan to receive a commission from the purchase of insurance by the plan, would you have participated in the plan?

18.  Were you told that you only needed to make premium payments on the policy for 5 years in order to keep the face value of the policy? Were you told that you needed to make additional payments beyond the five years in order to keep the face value of the policy?

19.  Had you been told that you were required to pay the annual premium for life to keep the face value of the policy, would you have participated in the plan?

20.  Were you told that there were substantial surrender charges attached to the policy for the first 10 years?

21.  Had you known that there were substantial surrender charges attached to this policy, would you have participated in the plan?

22.  In what state did you sign the application for life insurance that was purchased for you by the Trust?

23.  Who was present when you signed the application?

EXHIBIT 2
13

**B)** **DOCTORS BENEFIT INSURANCE CORPORATION ("DBIC")**
(Question 24-37)

24. Were you told that your premiums paid for Supplemental Disability Insurance, Supplemental Long Term Care Insurance and/or Supplemental Malpractice Insurance provided by DBIC were fully tax deductible?

25. Who told you this?

26. Were you told your participation in this program was secure?

27. Were you told that you had control over the funds you contributed to this program?

28. If you had been aware that the premiums paid for these supplemental policies were not tax deductible, would you have participated in the program?

29. Were you told by Xelan or their representatives that the premiums paid into the policy were held and invested in a segregated account located at a major financial institution in the United States?

30. Were you told that you could have access to these funds plus earnings after a specified period of time?

31. Did you receive account statements from Xelan, DBIC or any financial institution reflecting an exact summary of your premium contributions and the earnings made from the contributions?

32. Was it your belief that the account balance reflected in those statements was the amount of funds you were entitled to receive from DBIC?

33. Had you been told your premiums were not held in a segregated account but pooled with other participants' funds, would you have participated in the plan?

EXHIBIT 2
14

34.  Had you been told that the account statements were not a true reflection of your account but only an approximation of what you may receive in the future, would you have participated in the plan?

35.  Were you told that the funds that you contributed to DBIC's programs would be used to make payments on viatical contracts held for the benefit of other members of Xelan?

36.  Were you told that the funds you contributed to DBIC's programs would be used to pay the legal fees of Xelan, Donald Guess, Leslie Buck and other members of Xelan?

37.  Were you told that over 30% of the funds you contributed to DBIC's programs would be used for operational expenses?

Please use the enclosed self-addressed stamped envelope to forward copies of any and all documentation you may have which relates to Xelan or its related entities. For example, copies of the front and back of checks, correspondences, brochures, account statements, newsletters, photos, video and audio tape recordings, original mailing envelopes you've received from Xelan, etc.

Thank you very much for your time.

U.S. Postal Inspection Service
P.O. Box 122110
San Diego, CA 92112-2110

Phone: (619) 233-0610
Fax:    (619) 531-8201

EXHIBIT 2
15

# Exhibit 3

# Discovery Received 22 May 2008

**Exhibit 3**

**Discovery Received on 22 May 2008**

1. Xelan Chart of Acccounts – 14 pages
2. Printout of DJPA Website – 4 pages
3. 2nd Amended Contract for Services – 3 pages
4. 2001, 2002 DJPA Coporate Tax Returns – 13 pages
5. 2001, 2002 Personal Tax Returns – 18 pages
6. Declartion regarding xelan checks – 4 pages
7. Xelan bank statements and cancelled checks – 749 pages
8. Certificate of Authenticity – SD Storage – 1 page
9. Certificate of Authenticity – Transcript Univ. Wash – 1 page
10. Employment Development Department Records – 5 pages

# Exhibit 4

# Discovery Received 9 June 2008

**Exhibit 4**

**Discovery Received on 9 June 2008**

1.  IRS Transcript - Form 1099 for DJPA – 2000 to 2004 – 25 pages
2.  2000, 2001, 2004 xelan & Pyramidal Funding  Corporate Tax Returns – 286 pages
3.  IRS Transcript - Form 1099 Cove Trading 2000 – 2002 – 15 pages
4.  Personal Bank Records – 258 pages
5.  Bank Records – Viatical Liquidity; Personal; DJPA & BSLT – 457 pages
6.  2003-2004 Corporate Tax Return DJPA – 21 pages
7.  Payments to DJPA 2000-2004 Ledgers & Financial Statements – 2559 pages

# Exhibit 5

# August 4 2008 Discovery Request



**David Jacquot, JD, LLM**
President
Licensed in Idaho, Washington & California

208-691-2479
Fax: 208-263-6274
Email: dave@jacquotlaw.com
www.jacquotlaw.com

Mailing Address:
2041 Bandy Road
Priest River, ID 83856

4 August 2008


U.S. Attorney's Office, San Diego County Office
**ATTN: AUSA Faith Devine**
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893

**Sent Via Email**


**RE: Case Number 08CR1171-W - Settlement Offer and Discovery Status**


Dear Ms. Devine:

In an effort to save the Court and all parties involved the time and expense associated with pre-trial proceedings and trial in this case, I have two proposals. The first is settlement of the case ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ If this is unacceptable, then I request that you provide me the status of your discovery intentions so that an appropriate narrowly tailored Motion to Compel can be drafted for decision by the Court. Each of these items is described further below.



please provide me the status of your discovery intentions as described later in this letter.













**Discovery Status**

I renew my discovery request previously provided in my letter faxed to your office on 21 May 2008 and seek all discoverable information under any applicable Federal Rule. Federal Procedure, or Federal Constitutional provision, and the request extends to information within the knowledge, possession, or control of the U.S. Government, any employee/agent/informant thereof, and all others who have participated in the investigation of this case. Specifically, I seek the status of your intentions regarding discovery as described in the Discovery Request Status Chart below. Please indicate on the chart your intentions regarding each item and return it to me not later than 14 August 2008. **If no response is received by 14 August 2008, it will be deemed that you are refusing discovery on each item and a Motion to Compel Discovery reflecting the same will be prepared and filed.**

---

### Discovery Request Status Chart

The following definitions apply to this document:

- "Statement." Statement shall mean all forms of verbal and non-verbal communication, to included but not limited to unrecorded oral communications and actions and all forms of recorded communications, to include but not limited to audio recordings, pictures, video, digital recordings, and drawings. The term Statement can also includes Documents (defined below).

- "Document." Document shall mean all forms of temporary or permanently recorded information on both tangible and intangible mediums. Document shall include all forms of written information, to include but not limited to, handwritten, typed and printed documents (hereinafter "Written"). Document shall also include all forms of electronic stored information (ESI), to include but not limited to, computer records, email, voicemail, metadata, text messages, and deleted data and data fragments. If information is in more than one format (for example hand written and typed) then the term Document means each and every format and each and every format should be produced. In the event that information is in both Written and ESI form, then Document means both Written and ESI, and both should be produced.

- "Electronic surveillance." Electronic surveillance shall mean all forms of listening, recording, and viewing of any Statement, Document, action or inaction through either covert or non-covert means and includes but is not limited to wiretaps, recorded phone conversations, cellular phone eavesdropping, electronic mail intercepts, and all other forms of monitoring of communications.

| Item | All Such Information Has Already Been Provided | Will Be Provided *(Describe When It Will Be Provided)* | Will Not Be Provided *(Briefly Describe Why It Will Not Be Provided)* | None Exists |
|---|---|---|---|---|
| 1. All Statements of all persons containing information about the investigation and charges of the Defendant in the possession of the government and all Documents and other tangible objects in the possession of the government: | ▓▓▓ | ▓▓▓ | ▓▓▓ | ▓▓▓ |
| • which were obtained from or belonged to David Jacquot, | | | | |
| • which were obtained from or belonged to David Jacquot, JD, LLM (Tax), PA (hereinafter "DJPA"), | | | | |
| • obtained from third parties by subpoena, compulsory process, or seized in this matter, | | | | |
| • intended for use by the Government at any evidentiary hearing or the trial of this case. This should include, but is not limited to:<br>  1. Bank statements and cancelled checks of DJPA for 2000, 2001, 2002, 2003, 2004<br>  2. Tax Returns of DJPA for years 200, 2001, 2002, 2003, 2004<br>  3. All Form 1099 issued to DJPA for years 200, 2001, 2002, 2003, 2004<br>  4. All payments by all xelan related companies to DJPA during 2000, 2001, 2002, 2003, 2004, including:<br>    o Check Ledgers<br>    o Financial Statements<br>    o Tax Returns<br>    o General Ledgers<br>  5. All Form 1099 issued to Cove Trading by all xelan related companies for 2000, 2001, 2002<br>  6. Bank statements and cancelled checks of the Attorney Trust Account of David Jacquot, JD, LLM (Tax), PA for 2001, 2002, 2003, 2004 | | | | |

| Item | All Such Information Has Already Been Provided | Will Be Provided (Describe When It Will Be Provided) | Will Not Be Provided (Briefly Describe Why It Will Not Be Provided) | None Exists |
|------|---|---|---|---|
| 2. All material within the purview of Brady v. Maryland, 373, U.S. 83 (1963) and Giglio v. United States, 405, U.S. 150 (1972).   Specifically, any material or information which tends to negate the guilt of the Defendant as to the offense(s) charged and any material or information within the government's possession or control which would tend to reduce the Defendant's punishment for such offense(s). | | | | |
| 3. A written disclosure of the existence or non-existence of any evidence obtained as the result of Electronic Surveillance and if so, copies of all surveillance reports related to the investigation of the Defendant. This disclosure should describe the full extent of any Electronic Surveillance, eavesdropping, or tape recording in which Defendant had any interest and of any conversations where the Defendant was a participant in or was a recipient witness thereof. This request includes any affidavits and applications related thereto as well as copies of the recordings, transcriptions, summaries and logs thereof. | | | | |
| 4. A written disclosure as to whether there have been any tape recordings of any Statements, admissions, confessions, or conversations involving Defendant along with a copy of said tape recordings and a copy of any transcriptions thereof. | | | | |
| 5. A written disclosure as to the existence or non-existence of anticipated testimony by government informer(s), and if so, the identity of any informants who allegedly have information about the investigation of the Defendant, including: (a) The name of the informant; (b) The address of the informant; (c) The present whereabouts of the informant, and (d) any Statements and Documents related to such informants testimony. | | | | |

| Item | All Such Information Has Already Been Provided | Will Be Provided (Describe When It Will Be Provided) | Will Not Be Provided (Briefly Describe Why It Will Not Be Provided) | None Exists |
|---|---|---|---|---|
| 6.   Disclose the full and complete extent of any dealings with, or promises of any inducements, made by employees/agents of the Government to any person including prospective Government witnesses or defendants in any other case, for information related to the investigation of and charges against the Defendant. | | | | |
| 7.   The name(s), address(es), phone number(s) of all government employees and agents and informants involved in the investigation of the Defendant, to include, but not limited to employees and agents of:<br><br>• Internal Revenue Service<br><br>• Postal Inspector<br><br>• The Department of Homeland Security<br><br>• Immigration and Naturalization<br><br>• Customs Enforcement | | | | |
| 9.   Documents that were collected, authored, created, or obtained by government employees/agents and informants identified in item #8 above. | | | | |
| 10.  The name(s), address(es), phone number(s) and all Statements of all persons the Government anticipates or intends to call as witnesses at any evidentiary hearing or at the time of trial.    In particular, Defendant requests any notes taken and Documents created by employees/agents of the Government related to any interview conducted of said witnesses, informants, indicted or unindicted co-conspirators, or cooperating defendants. | | | | |
| 11.  The conviction records (if any) of all such witnesses the Government intends to call at any evidentiary hearing or at the time of trial. If no convictions exist, a statement that verifies the same. | | | | |

| Item | All Such Information Has Already Been Provided | Will Be Provided (Describe When It Will Be Provided) | Will Not Be Provided (Briefly Describe Why It Will Not Be Provided) | None Exists |
|---|---|---|---|---|
| 12. The Grand Jury testimony of all participating witnesses and percipient witnesses to the crimes herein charged against Defendant. | | | | |
| 13. Copies of any and all search warrants (including affidavits in support thereof and inventories listing articles seized when executing said warrant) used by the Government to obtain any information or evidence in the investigation of the Defendant. | | | | |
| 14. All inventory(ies) listing all items seized without warrant and the location of the seizure of all items seized in the Government's investigation of the Defendant. This shall include but is not limited to:<br><br>• Items seized from 401 West A Street, #2210, San Diego California | | | | |
| 15. The full extent of any mail cover, as defined in 39 C. F. R. Section 233.2 and Part 233.2 of the Postal Service Manual, in which the Defendant is the recipient/addressee or sender that is related to any Document pertaining to the charges in this case. This request includes any applications related thereto. | | | | |
| 16. The prior criminal record of felonies and misdemeanors of Defendant, and a statement as to whether or not the Government intends to use the same. | | | | |
| 17. The results of physical or mental examinations of employees/agents of the Government and/or informants, witnesses, indicted or unindicted co-conspirators, or cooperating defendants. | | | | |
| 18. The results of all scientific tests or experiments on any Document, or tangible object made in connection with the investigation of the Defendant. | | | | |
| 19. The name, business address, phone number and a written resume' of the qualifications of any expert witness which the United States Attorney intends to call in the case in chief together with a statement of the substance of such expert's expected testimony. | | | | |

| Item | All Such Information Has Already Been Provided | Will Be Provided (Describe When It Will Be Provided) | Will Not Be Provided (Briefly Describe Why It Will Not Be Provided) | None Exists |
|---|---|---|---|---|
| 20.   All Statements and Documents that were obtained in violation of the attorney-client privilege during the investigation of the Defendant and all Statements and Documents that were obtained in violation of any other privilege recognized by law. | | | | |
| 21.   All Statements and Documents that were obtained in violation of any law or constitutional right during the investigation of the Defendant. | | | | |
| 22.   Provide a brief description of all Statements and Documents that are relevant to any of the requests described above that are not being produced due to a claim of privilege or protection under any law or theory.  Provide a description of the law or privilege applicable to each non-disclosed item. | | | | |

Defendant requests the above described information so that Defendant might have an opportunity to investigate such Documents and Statements before trial in order to test the validity at trial of witness Statements, and Documents purported to be evidence.

Further Defendant requests the above described evidence in an effort to discover and disclose existing evidence contrary to Government allegations.

The above requests are made with the intention of obtaining all discoverable information under any applicable Federal Rule. Federal Procedure, or Federal Constitutional provision, and the request extends to information within the knowledge, possession, or control of the U.S. Government, any employee/agent/informant thereof, and all others who have participated in the investigation of this case. This request should in no way be considered a waiver of the information required to be furnished to Defendant without request.

This request is intended to impose continuing obligation on the U.S. Government to provide discovery as it becomes known to the U.S. Attorney, the U.S. Government, an agent of the U.S. Government, or any other person involved in the investigation/case.  Therefore, it is requested that the U.S. Governemnt provide the foregoing if and when it becomes known to the U.S. Government, any agent of the U.S. Government, or any other person involved in the investigation/case.

Thank you for your consideration and cooperation in this matter.

Sincerely,


/s/
David Jacquot