1  DAVID JACQUOT
   2041 Bandy Road
2  Priest River, ID 83856
   (208) 415-0777
3  FAX: (208) 263-6274

4

5

6

7              UNITED STATES DISTRICT COURT

8            SOUTHERN DISTRICT OF CALIFORNIA

9  UNITED STATES OF AMERICA,        )   Case No. 08CR1171-W
                                    )
10         Plaintiff,                )   FIRST SUPPLEMENTAL MOTION TO
                                    )   COMPEL DISCOVERY
11  v.                               )
                                    )   Judge: Hon. Thomas J. Whelan
12  DAVID C. JACQUOT,                )   Courtroom: 7
                                    )   Date: Sept 8, 2008
13         Defendant.                )   Time: 2:00 pm
                                    )
14  _____

15

16                    **Relief Sought**

17  The Defendant, DAVID C. JACQUOT, moves this Court to issue an order compelling the government

18  to produce no later than 45 days prior to the start of trial the name and address of every person that the

19  government intends to call as a witness at trial.

20                   **Grounds for Relief**

21

22  The grounds for this motion, as more fully set forth in the accompanying Memorandum of Points and

23  Authorities, are:

24
    1.    The Defendant requires this disclosure to adequately prepare and present his defense at trial.
25

26  2.    The government would not be prejudiced by the disclosure of the names and addresses

27  of the witnesses it intends to call at trial.

28

### Record on Motion

This motion is based on all the papers and records on file in this matter, on this motion, the Memorandum of Points and Authorities submitted with this motion, and on whatever additional evidence and argument is presented at the hearing on this motion.

Dated: 25 August 08

_____
David C. Jacquot

DAVID JACQUOT
2041 Bandy Road
Priest River, ID 83856
(208) 415-0777
FAX: (208) 263-6274

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 08CR1171-W |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FIRST SUPPLEMENTAL MOTION TO COMPEL DISCOVERY |
| DAVID C. JACQUOT, | ) | |
| Defendant. | ) | |

While the government is not required to disclose its witness list before trial, the District Court may compel the government to provide the defense with a witness list based on the Court's inherent authority to ensure the proper and orderly administration of criminal justice. See U.S. v. Napue, 834 F.2d 1311 (7th Cir. 1987); Wright, Federal Practice and Procedure, Sec. 254.3 ("It is well established, however, that the court may order the government to disclose the names of the witnesses it intends to call if the court chooses to do so.") Although the Ninth Circuit disapproves of orders requiring the government and defendant to exchange witness lists, U.S. v. Hicks, 103 F.3d 837 (9th Cir. 1996), the court's concern in Hicks was that the defendant was required to disclose information not covered by Rule 16, F.R.Crim.P. See Hicks at 841.

The Defendant requires the disclosure of the names and addresses of the witnesses the government intends to call at trial to adequately prepare and present his defense at trial. The tax returns at issue in this case were never audited by the IRS. No agent of the government ever questioned the Defendant about the subject returns and no agent of the government ever

sought to question the recordkeeper of the taxpayer, David Jacquot, JD, LLM (Tax), PA ("DJPA") about the returns.

The total lack of investigative trail relating to the returns at issue leaves the Defendant with almost no information about the government's case against him. Without disclosure of the names of the government's witnesses, the Defendant will be severely hampered in preparing a defense.

The government would not be prejudiced by the disclosure of the names and addresses of the witnesses it intends to call at trial. There is no risk that pre-trial disclosure of the names of government witnesses will jeopardize witness safety. No crime of violence has been alleged by the government nor has the Defendant ever been arrested or convicted for such a crime.

Some modern cases have required the government to disclose a list of its witnesses as much as 45 days prior to the start of trial. See U.S. v. Thompson, 349 F.Supp.2d 369 (N.D.N.Y. 2004). Where the identities of the government's witnesses were material to the defense, and the government did not have a specific reason why the disclosure would be detrimental, the District Court ordered the disclosure no later than 45 days prior to the start of trial. See id. at 373. The Defendant has made a strong showing why the identities of the government's witnesses are material to his defense. With so little knowledge about how the government conducted its investigation of the subject returns or even who the government agents are that conducted the investigation, the Defendant needs to know who the government intends to call as a witness in order to prepare his defense.

## Conclusion

Because the identities of the government's witnesses are material to the defense, and disclosure will not prejudice the government, this Court should issue an order compelling the government to disclose the identities of the witnesses it intends to call at trial no later than 45 days prior to the start of trial.